IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JALISSA BLACKWOOD**<br>510 Glendale Road<br>Upper Darby, PA 19082<br><br>*Plaintiff,*<br><br>vs.<br><br>**RELIANCE FAMILY CARE SERVICES, INC. t/d/b/a RELIANCE FAMILY CARE**<br>1700 S. 60th Street<br>Philadelphia, PA 19142<br><br>-and-<br><br>**UWAYEMEN UWADIALE**<br>1700 S. 60th Street<br>Philadelphia, PA 19142<br><br>-and-<br><br>**REGAN ATAMAN**<br>1700 S. 60th Street<br>Philadelphia, PA 19142<br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jalissa Blackwood, by and through undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Reliance Family Care Services, Inc. d/b/a Reliance Family Care ("Reliance"), Uwayemen Uwadiale ("Uwadiale"), and Regan Ataman ("Ataman") (collectively "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII"- 42 U.S.C. § 2000e *et seq.*), 42 U.S.C. §1981 ("Section 1981"), the Pennsylvania

Human Relations Act ("PHRA" – 43 P.S. § 951 *et seq.*), and the Philadelphia Fair Practices Ordinance ("PFPO" – Phila. Code § 9-1100 *et seq.*).[1] Plaintiff was unlawfully terminated by Defendants and has suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted federal administrative remedies for claims under Title VII by first filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a notice of right to sue.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

---

[1] Plaintiff identifies that she will pursue PHRA/PFPO claims herein for notice purposes only. She omits such claims in the Count Section of this Complaint. Plaintiff will move to amend the instant lawsuit to include PHRA/PFPO claims upon completion of administrative exhaustion (or waiver of exhaustion by Defendants).

8. Defendant Reliance Family Care Services, Inc. is believed and therefore averred to be a domestic Pennsylvania corporation with principal place of business at the above-captioned address.

9. Reliance engages in the business of providing residential rehabilitation and in-home and community services for individuals with intellectual disabilities.

10. Reliance employed at least one hundred (100) employees during Plaintiff's employment with Defendants.

11. Defendant Uwayemen Uwadiale is believed and therefore averred to be an individual employed at the above-captioned address.

12. Uwadiale is believed and therefore averred to be a citizen of the Commonwealth of Pennsylvania residing within the Eastern District of Pennsylvania.

13. Defendant Regan Ataman is believed and therefore averred to be an individual employed at the above-captioned address.

14. Ataman is believed and therefore averred to be a citizen of the Commonwealth of Pennsylvania residing within the Eastern District of Pennsylvania.

15. Uwadiale and Ataman may be held individually liable in this action consistent with Section 1981 and precedent noted herein.

16. Uwadiale and Ataman are believed and therefore averred to be husband and wife.

17. At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. Plaintiff is African American.

20. Upon information and belief, Uwadiale (African) was at all relevant times the Chief Operating Officer ("COO") and Executive Director of Reliance.

21. Upon information and belief, Ataman (African) was at all relevant times the Chief Executive Officer ("CEO") and President of Reliance.

22. In or around April 2023, Plaintiff was hired by Reliance as a Direct Support Worker ("DSP").

23. Plaintiff was employed with Reliance as a DSP for almost two (2) years, until on or about March 27, 2025.

24. Plaintiff's job duties as a DSP included supervising her clients' daily life activities, such as cooking, cleaning, taking medication, and attending doctor's appointments.

25. Plaintiff was an exemplary employee and she worked very hard for Reliance.

26. Plaintiff was supervised by Scheduling Coordinator Magnus Connor (African American, "Connor"), Scheduler Blessing Olaseinde (African, "Olaseinde"), DSP Supervisor Kanda Kiawu (African, "Kiawu"), and DSP Supervisor Patience Abalo (African, "Abalo").

27. Plaintiff worked as a DSP for two (2) separate shifts to assist Reliance (an enterprise that is often short staffed).

28. Plaintiff worked approximately thirty-six (36) hours per week.

29. At the time of her separation, Plaintiff generally worked eight (8) hour shifts on Monday and Tuesday (11:00pm to 7:00am) and a sixteen (16) hour shift beginning on Wednesday at 11:00pm and ending on Thursday at 3:00pm.

30. On or about Wednesday March 26, 2025 to Thursday March 27, 2025, Plaintiff was working a double shift that was scheduled for sixteen (16) hours.

31. Plaintiff's sixteen (16) hour double shift was scheduled to end at or around 3:00pm.

32. Defendant's DSP Sadia (last name unknown) (African, "Sadia") was scheduled to relieve Plaintiff at 3:00pm.

33. Obviously, for safety reasons, a person providing care should not continue working when too fatigued or exhausted.  This is in addition to other obligations Plaintiff had.

34. Before Plaintiff was to leave, Sadia told Plaintiff that she was going to be approximately two (2) hours late to relieve Plaintiff.  Plaintiff responded that she could not work past 3:00pm.

35. Plaintiff went to Kiawu and told her about this situation.  Kiawu shrugged off Plaintiff's concerns and told her to speak to Connor.

36. Plaintiff then went to discuss this matter with Connor, who told Plaintiff that Sadia had to come into work at 3:00pm.

37. Plaintiff complained to Connor that "they" (meaning the African employees) were sticking together and that "we" (meaning the Non-African employees) were being treated worse than them by Reliance.

38. Connor told Olaseinde that Sadia had to relieve Plaintiff at 3:00pm, but Olaseinde just laughed and did not relay this message to Sadia.

39. At or around 1:00pm on this date, Plaintiff's client had a seizure and needed to be taken to the hospital.

40. Plaintiff went to talk to Ataman, with Kiawu present, about Sadia saying that she would be two (2) hours late to relieve Plaintiff.

41. Plaintiff told Ataman that she was not trying to get anyone in trouble, but that it was her second shift and Sadia was supposed to relieve her at 3:00pm.

42. Ataman told Plaintiff that Sadia needed to start her shift at 3:00pm.

43. Ataman told Plaintiff to tell Sadia that she had to go with Plaintiff's client to the hospital.

44. Ataman also told Plaintiff that she could finish out her shift with Sadia's client.

45. After the meeting, Olaseinde started yelling at Plaintiff that Sadia would not be going to the hospital because she needed to pick up her child.

46. But, Sadia had already signed up to work at 3:00pm.

47. Plaintiff did not understand why Sadia did not have to come in at 3:00pm because she had signed up for that shift.

48. Olaseinde told Plaintiff to put her client's medication at his apartment and that another DSP would go with her client to the hospital.

49. Plaintiff took her client's medication to his apartment and put it away safely.

50. When Plaintiff attempted to clock out at the end of her shift, Plaintiff noticed that she had already been clocked out.

51. When Plaintiff tried to find out why she had been clocked out, Plaintiff was accused of being unprofessional, that she abandoned her patient, that she did not go to the emergency room when she was supposed to go, and that she would need to sign a write up.

6

52. This was all false, and none of it was an accurate portrayal of anything that actually transpired.

53. Plaintiff was never again permitted to work and thus effectively terminated on March 27, 2025.

54. Plaintiff was never permitted to work after March 27, 2025, nor was she rescheduled to work.

55. Plaintiff called continually (for weeks) to find out her employment status and to understand what had gone on, but no one answered Plaintiff's questions.

56. Plaintiff was terminated for: (a) working 16 hours; (b) leaving at the end of her shift; and, (c) doing so *with permission* from Ataman. Plaintiff did nothing wrong, let alone anything warranting discipline.

57. Most of the managers and employees at Reliance are from Africa (and African), including Uwadiale and Ataman. Virtually all of Plaintiff's management was African.

58. Anyone who was not African at Reliance was abused, exploited, terminated for petty reasons, and there was immense disparate treatment towards non-Africans in that workplace.

59. The unequal treatment was blatant and Africans were not terminated for significant (actual) performance problems or misconduct whereas Non-African employees were terminated for engaging in the same or similar conduct.

60. Other Non-African employees have brought cases against Reliance for this very reason.

61. A prior manager named Bill (Faye) Lane pursued a legal claim against Defendants wherein he outlined extensive examples of discrimination based upon race / national origin against Non-Africans.

62. Other staff members such as Luvenia Ross-Thompson and Charde Earley pursued legal claims against Defendants outlining extensive discrimination against Non-Africans.

63. Numerous former employees provided witness declarations of blatant discrimination against non-Africans.

64. *If Plaintiff were African, Plaintiff would not have been terminated.*

65. Plaintiff constantly complained to her coworkers about how Reliance treated non-African employees worse than African employees.

66. Defendants retaliated against Plaintiff and terminated her because of her good faith complaints of discrimination based on race/national origin.

67. Plaintiff believes she was singled out for termination because of her race and/or national origin; furthermore, Plaintiff believes that her concerns of institutional race/national origin discrimination were also a determinative factor in her termination from employment.

68. Plaintiff was pretextually terminated because of her race, national origin and/or her engagement in protected activity.

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### [1] Race / National Origin Discrimination and [2] Retaliation
### -Against Defendant Reliance Only-

69. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70. Plaintiff was subjected to disparate treatment because of her race and/or national origin.

71. Plaintiff was also subjected to disparate treatment because she engaged in protected activity by complaining about disparate treatment based on her race and/or national origin.

72. Plaintiff believes and therefore avers that she was terminated pretextually because of her race and/or national origin and in retaliation for engaging in protected activity.

73. These actions as aforesaid constitute violations of Title VII.

## COUNT II
### Violation of 42 U.S.C. §1981
### [1] Race / National Origin Discrimination and [2] Retaliation
### -Against All Defendants-

74. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

75. Plaintiff was subjected to disparate treatment because of her race and/or national origin.

76. Plaintiff was also subjected to disparate treatment because she engaged in protected activity by complaining about disparate treatment based on her race and/or national origin.

77. Plaintiff believes and therefore avers that she was terminated pretextually because of her race and/or national origin and in retaliation for engaging in protected activity.

78. Consistent with Sheridan v. E.Plaintiff. DuPont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir.1996) (*en banc*) and its progeny, an individual may be subject to liability under § 1981 when the individual intentionally causes an infringement of rights protected by Section 1981, regardless of whether the employer may also be held liable. *See also* Al-Khazraji v. Saint Francis Coll., 784 F.2d 505, 518 (3d Cir.1986); Santiago v. City of Vineland, 107 F.Supp.2d 512, 540-41 (D.N.J.2000); Shaw v. Temple Univ., 357 F. Supp. 3d 461, 474 (E.D. Pa. 2019).

79. At all times relevant herein, Uwadiale and Ataman were personally involved in the discrimination and retaliation against Plaintiff and/or intentionally caused Reliance to infringe upon her rights under §1981.

80. These actions as aforesaid constitute violations of §1981.

81. Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.

       Respectfully submitted,

       **KARPF, KARPF & CERUTTI, P.C.**

By: _____
       Ari R. Karpf, Esq. (91538)
       8 Interplex Drive, Suite 210
       Feasterville-Trevose, PA 19053
       akarpf@karpf-law.com
       (215) 639-0801

Dated: December 22, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jalissa Blackwood | : | CIVIL ACTION |
| v. | : | |
| Reliance Family Care Services, Inc. t/d/b/a Reliance Family Care, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 12/22/2025 | /s/ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*
  1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
  2. ☐ FELA
  3. ☐ Jones Act-Personal Injury
  4. ☐ Antitrust
  5. ☐ Wage and Hour Class Action/Collective Action
  6. ☐ Patent
  7. ☐ Copyright/Trademark
  8. ☐ Employment
  9. ☐ Labor-Management Relations
  10. ☒ Civil Rights
  11. ☐ Habeas Corpus
  12. ☐ Securities Cases
  13. ☐ Social Security Review Cases
  14. ☐ Qui Tam Cases
  15. ☐ Cases Seeking Systemic Relief ***see certification below***
  16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
  1. ☐ Insurance Contract and Other Contracts
  2. ☐ Airplane Personal Injury
  3. ☐ Assault, Defamation
  4. ☐ Marine Personal Injury
  5. ☐ Motor Vehicle Personal Injury
  6. ☐ Other Personal Injury *(Please specify)*:_____
  7. ☐ Products Liability
  8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BLACKWOOD, JALISSA

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

### DEFENDANTS
RELIANCE FAMILY CARE SERVICES, INC. T/D/B/A RELIANCE FAMILY CARE, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS – PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS – Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 12/22/2025    SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE